IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RAYMOND L. DOWNUM, Register No. 176023, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-4207-CV-C-SOW |
| STEVE LONG, Chairman, et al., | ) ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Raymond Downum, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

Defendants filed a motion to dismiss plaintiff's claims on res judicata grounds for failure to state a claim, and for failure to exhaust administrative remedies. In response, plaintiff has filed a motion to amend. Defendants filed reply suggestions and suggestions in opposition to plaintiff's motion to amend, and plaintiff has replied in support of his motion to amend.

Upon review, plaintiff's motion to amend is granted. Nonetheless, defendants' motion to dismiss should be granted.

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted.  When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief.  At this stage, the complaint is construed liberally in the light most favorable to the plaintiff.  Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008).  "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'"  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Upon review, plaintiff does not challenge that he has previously filed these same claims in state court, see Downnum v. Long, No. 07AC-CC00999 ( 19th Cir. Mo. Feb. 22, 2008), on which a judgment was entered for the defendants. The doctrine of res judicata precludes the parties (and those in privity with them) from relitigating issues that were or could have been raised in a prior action.  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).  Res judicata applies if: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.); Holloway v. Pigman, No. 91-2570, slip op. (8th Cir. Mar. 12, 1992) (unpublished).

Two claims are the same when they both arise out of the same nucleus of operative fact, or are based upon the same factual predicate.  Oberstar v. Federal Deposit Ins. Corp., 987 F.2d 494, 505 (8th Cir. 1993); Murphy v. Jones, 877 F.2d 682, 684-85 (8th Cir. 1989).

In the instant case, plaintiff does not dispute that his claims in his previous state court case are the same as those in the instant case.  The fact that plaintiff may raise new legal basis in support of relief on his same claims does not support plaintiff proceeding with his same claims in federal court.  Plaintiff's complaint should be dismissed on res judicata grounds.

Further, the court notes, alternatively, that plaintiff's claims are also subject to dismissal for failure to state a claim.  Plaintiff has no constitutional right in parole, and no liberty interest in

2

parole under Missouri statute, Greenholtz v. Inmates of Neb. Penal Corr. Complex, 442 U.S. 1, 7 (1979) (no inherent right of convicted person to be released early before the expiration of a valid sentence); Adams v. Agniel, 405 F.3d 643, 644 (8th Cir.2005) (Missouri does not by statute create a liberty interest in parole), and therefore, also has no liberty interest in any condition or conditions imposed as a part of his grant of parole. See Patterson v. Webster, 760 F. Supp. 150, 153 (E.D. Mo. 1991) (because no liberty interest in early release, no procedural protections attach to the conditions imposed by the Parole Board). Moreover, even if the condition of completing the Missouri Sexual Offender Program that was imposed as a condition of his parole violated state law or the institutional policies and procedures of the Missouri Department of Corrections, plaintiff has no federally protected liberty interest in defendants following such state law, policies or procedures. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

As to plaintiff's Fifth Amendment claims, the United States Court of Appeals for the Eighth Circuit has specifically found that a prisoner does not have a civil cause of action under section 1983 for claims alleging his participation in a sexual offender program which requires the inmate to admit his wrongdoing as a part of treatment. Entzi v. Redmann, 485 F.3d 998, 1002 (8th Cir. 2007) (citing Chavez v. Martinez, 538 U.S. 760, 767 (2003)). The court specifically found that conditioning of sentence-reduction credits on participation in a sex offender treatment program did not contravene the self-incrimination clause of the Fifth Amendment. Id. The court stated that "a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case. Id. Here, plaintiff makes no allegation that any statements or admissions he may make in the sexual offender treatment program will be used against him in a criminal case, and therefore, plaintiff's claims do not support a claim under the Fifth Amendment.

In light of plaintiff's allegations that the prison grievance system does not allow for grievance of parole issues, defendants' argument for dismissal on failure to exhaust administrative remedies grounds should be denied.

It is, therefore,

ORDERED that plaintiff's motion to amend is granted. [19] It is further

3

parole under Missouri statute, Greenholtz v. Inmates of Neb. Penal Corr. Complex, 442 U.S. 1, 7 (1979) (no inherent right of convicted person to be released early before the expiration of a valid sentence); Adams v. Agniel, 405 F.3d 643, 644 (8th Cir.2005) (Missouri does not by statute create a liberty interest in parole), and therefore, also has no liberty interest in any condition or conditions imposed as a part of his grant of parole. See Patterson v. Webster, 760 F. Supp. 150, 153 (E.D. Mo. 1991) (because no liberty interest in early release, no procedural protections attach to the conditions imposed by the Parole Board). Moreover, even if the condition of completing the Missouri Sexual Offender Program that was imposed as a condition of his parole violated state law or the institutional policies and procedures of the Missouri Department of Corrections, plaintiff has no federally protected liberty interest in defendants following such state law, policies or procedures. Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

As to plaintiff's Fifth Amendment claims, the United States Court of Appeals for the Eighth Circuit has specifically found that a prisoner does not have a civil cause of action under section 1983 for claims alleging his participation in a sexual offender program which requires the inmate to admit his wrongdoing as a part of treatment. Entzi v. Redmann, 485 F.3d 998, 1002 (8th Cir. 2007) (citing Chavez v. Martinez, 538 U.S. 760, 767 (2003)). The court specifically found that conditioning of sentence-reduction credits on participation in a sex offender treatment program did not contravene the self-incrimination clause of the Fifth Amendment. Id. The court stated that "a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case. Id. Here, plaintiff makes no allegation that any statements or admissions he may make in the sexual offender treatment program will be used against him in a criminal case, and therefore, plaintiff's claims do not support a claim under the Fifth Amendment.

In light of plaintiff's allegations that the prison grievance system does not allow for grievance of parole issues, defendants' argument for dismissal on failure to exhaust administrative remedies grounds should be denied.

It is, therefore,

ORDERED that plaintiff's motion to amend is granted. [19] It is further

RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims dismissed on res judicata grounds, or alternatively, if not dismissed on these grounds, for failure to state a claim on which relief may be granted. [16]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 4th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge